UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MILTON WAYNE NETTLES,

                Plaintiff,

           -against-                      24-CV-7078 (LTS)

US DIST. JUDGE TREVOR N. MCFADDEN;        ORDER
CHRISTOPHER R. COOPER,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is incarcerated in a facility located in Rosharon, Texas, filed this action *pro se*. By order dated September 24, 2024, the Court directed Plaintiff to pay the $405.00 in fees necessary to initiate a new civil action in this court or ask that the fees be waived by submitting an *in forma pauperis* ("IFP") application and prisoner authorization. Plaintiff did not comply with the September 24, 2024 order, and by order dated November 15, 2024, the Court dismissed the action without prejudice. A civil judgment was entered on November 19, 2024.

      On December 26, 2024, the Court received Plaintiff's notice of appeal to the United States Court of Appeals for the Second Circuit and a motion for an extension to file a notice of appeal, both dated December 6, 2024. (ECF 7.) Because the notice of appeal is timely, the motion for an extension of time is unnecessary. The Court therefore denies the motion.

## DISCUSSION

      Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a party must file a notice of appeal within 30 days of the entry date of the order or judgment being appealed. *See* Fed. R. App. P. 4(a)(1)(A). A party may move for an extension of time to file a notice of appeal, within 30 days after expiration of the deadline to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(i).

Under the "prison mailbox" rule, a submission is deemed filed on the date an incarcerated plaintiff places the submission in his prison's mail delivery system. *See Walker v. Jastremski*, 430 F.3d 560, 563 (2d Cir. 2005). "[I]n the absence of contrary evidence, district courts in this circuit have tended to assume the prisoners' papers were given to prison officials on the date of their signing." *Hardy v. Conway*, 162 Fed. App'x 61, 62 (2d Cir. 2006) (summary order).

Plaintiff had 30 days from the entry of judgment to file his notice of appeal, that is, until December 16, 2024. *See* Fed. R. App. P. 4(a)(1)(A). Although the Court did not receive the notice of appeal until December 26, 2024, Plaintiff signed the notice on December 6, 2024. Thus, under the prison mailbox rule, the notice of appeal is deemed filed on December 6, 2024. Plaintiff's notice of appeal is therefore timely, and the motion for an extension of time is unnecessary. The Court therefore denies the motion.

## CONCLUSION

The Court denies the motion for an extension of time to file a notice of appeal (ECF 7) because it is unnecessary. The Clerk of Court shall terminate the motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 2, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge